

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| KENY MEDRANO CAMBARA,<br>RUBEN CAMBARA CAMBARA,<br>Individually and on behalf of the<br>minor children Angie Cambara<br>Medrano and Diana Cambara Medrano,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMBER SCHLOTE, ADOLFO<br>HERNANDEZ, NICOLAS YANEZ,<br>LANCE WORTHY, OMAHA POLICE<br>DEPARTMENT, a Nebraska Political<br>Subdivision, CITY OF OMAHA, a<br>Nebraska Political Subdivision,<br>DOUGLAS COUNTY ATTORNEY'S<br>OFFICE, a Nebraska Political Subdivision,<br>DON KLEINE, COUNTY OF<br>DOUGLAS, a Nebraska Political<br>Subdivision, SUZANNE HANEY, M.D.,<br>PROJECT HARMONY,<br>a Nebraska Non-profit Corporation,<br><br>    Defendants. | Case No. CI14- 1077<br><br><br>COMPLAINT AND PRAECIPE<br><br><br>ASSIGNED TO _Gleason_<br><br>#4   FILED<br>IN DISTRICT COURT<br>DOUGLAS COUNTY NEBRASKA<br><br>FEB 1 1 2014<br><br>JOHN M. FRIEND<br>CLERK DISTRICT COURT |

COME NOW, Keny Medrano Cambara, Ruben Cambara Cambara, individually and on

behalf of the minor children Angie Cambara Medrano and Diana Cambara Medrano, Plaintiffs

herein, and for their causes of action against Defendants state as follows:

<u>FACTS APPLYING TO ALL COUNTS</u>

1. Plaintiff Keny Medrano Cambara, at all relevant times was a resident of Douglas

County, Nebraska.

2. Plaintiff Ruben Cambara Cambara, at all relevant times, was a resident of Douglas

County, Nebraska.

1

EXHIBIT
1

3. Plaintiffs Keny Medrano Cambara and Ruben Cambara Cambara are the natural parents of the minor children Diana Cambara Medrano and Angie Cambara Medrano. At all relevant times, said minor children resided in Douglas County, Nebraska. At all relevant times, Plaintiff Keny Medrano Cambara and Plaintiff Ruben Cambara Cambara were husband and wife.

4. Defendant Amber Schlote, was at all relevant times, an agent and employee of the Omaha Police Department, and is sued in her individual and official capacities. Schlote is a resident of the State of Nebraska.

5. Defendant Adolfo Hernandez, was at all relevant times, an agent and employee of the Omaha Police Department, and is sued in his individual and official capacities. Hernandez is a resident of the State of Nebraska.

6. Defendant Nicolas Yanez, was at all relevant times, an agent and employee of the Omaha Police Department, and is sued in his individual and official capacities. Yanez is a resident of the State of Nebraska.

7. Defendant Lance Worthy, was at all relevant times, an agent and employee of the Omaha Police Department, and is sued in his individual and official capacities. Worthy is a resident of the State of Nebraska.

8. Defendant Omaha Police Department (hereinafter, "OPD"), is a Nebraska political subdivision.

9. Defendant City of Omaha (hereinafter, "Omaha"), is a Nebraska political subdivision.

10. Defendant Douglas County Attorney's Office (hereinafter, "DCAO"), is a Nebraska political subdivision.

11. Defendant Don Kleine (hereinafter, "Klein") is a resident of Douglas County, Nebraska. At all relevant times, Klein was the Douglas County Attorney.

2

12. Defendant County of Douglas (hereinafter, "Douglas"), is a Nebraska political subdivision.

13. Defendant Suzanne Haney, M.D., was at all relevant times, an agent of DCAO and an agent and employee of Defendant Project Harmony. Defendant Haney is a resident of the State of Nebraska.

14. Defendant Project Harmony is, and at all relevant times was a Nebraska Non-profit Corporation.

15. At all times alleged, all of said individual Defendants were acting within the scope and course of their employment with their various employers.

16. The events in this matter occurred primarily in Douglas County, Nebraska.

17. On or about July 10, 2010, Brianna Medrano passed away.

18. Between July 9, 2010 and March 9, 2012, Defendants Schlote, Hernandez, Yanez, Worthy, OPD, City of Omaha, DCAO, Douglas County, Haney, and Project Harmony conducted an investigation, arrest and prosecution of Plaintiff Keny Medrano Cambara for the death of Brianna Medrano.

19. The investigation, arrest and prosecution culminated in the trial of Keny Medrano Cambara which took place in late February and early March of 2012, in the case styled as *State of Nebraska vs. Keny Y. Medrano-Cambara,* CR11-4903, in the District Court of Douglas County, Nebraska.

20. Plaintiff Keny Medrano Cambara was acquitted.

21. In conducting said investigation and arrest said Defendants failed to follow the applicable standard policies, procedures and protocols of the Omaha Police Department, Douglas County, and Project Harmony.

3

22. In conducting said prosecution, said Defendants failed to follow the applicable standard policies, procedures and protocols of the Omaha Police Department, Douglas County, and Project Harmony.

23. Defendants owed Plaintiffs, as individuals and residents of Douglas County, Nebraska, a duty to carefully follow all applicable laws and policies, procedures and protocols of the Omaha Police Department, Douglas County, and Project Harmony with respect to said investigation and prosecution.

<u>FIRST CAUSE OF ACTION - NEGLIGENCE</u>

24. Defendants Schlote, OPD, City of Omaha, DCAO, Kleine and Douglas County were negligent in the following respects:

     a. Failing to canvass, interview witnesses, and otherwise properly investigate the alleged crime scene;

     b. Providing false testimony under oath at the preliminary hearing in the prosecution of Keny Medrano Cambara;

     c. Failing to make reports of exculpatory information;

     d. Failing to investigate various possible causes of the death of Brianna Medrano;

     e. Failing to consider material and exculpatory information as it became available throughout the investigation and prosecution; and,

     f. Otherwise failing to follow applicable standard policies, procedures, and protocols regarding criminal investigations, arrests, and prosecutions.

25. Defendants Hernandez, Yanez, and Worthy were negligent in the following respects:

     a. Failing to canvass, interview witnesses, and otherwise properly investigate the alleged crime scene;

4

b. Failing to make reports of exculpatory information so that the information was not made available to the defense in the prosecution of Keny Medrano Cambara;

c. Failing to investigate certain possible causes of the death of Brianna Medrano;

d. Failing to consider material and exculpatory information as it became available throughout the investigation and prosecution; and,

e. Otherwise failing to follow applicable standard policies, procedures, and protocols regarding criminal investigations, arrests, and prosecutions.

26. Defendants City of Omaha and OPD were negligent in the following respects:

a. Failing to properly train their employees and agents in conducting criminal investigations, arrests, and prosecutions; and,

b. Failing to properly supervise their employees and agents and not ensuring that all applicable policies, procedures, and protocols were followed in aforementioned investigation, arrest, and prosecution.

27. Defendants Douglas, DCAO and Kleine were negligent in the following respects:

a. Failing to adequately supervise the investigation of Keny Medrano Cambara for the death of Brianna Medrano;

b. Failing to fully investigate death of Brianna Medrano;

c. Adducing or allowing to be adduced false testimony during a criminal proceeding; and,

d. Failing to follow the established policies, procedures and protocols of Douglas County, the DCAO, and other applicable standards in the investigation, arrest, and prosecution of Keny Medrano Cambara.

5

28. Defendant Suzanne Haney, M.D. was negligent in the following respects:

a. Failing to follow the applicable standard of care in forming, rendering and communicating medical diagnoses, conclusions, and opinions as to the cause of death of Brianna Medrano;

b. Forming medical diagnoses, conclusions, and opinions regarding the condition and cause of death of Brianna Medrano without a basis and without considering all available information or investigating for further information which would have been available;

c. Failing to follow the applicable protocols, policies and procedures of Project Harmony, Douglas County, OPD, and the applicable medical standard of care, in investigating the death of Brianna Medrano and participating in the prosecution of Keny Medrano Cambara; and,

d. Failing to consider available information and conduct a proper investigation to obtain information regarding the cause and manner of the death of Brianna Medrano.

29. Defendant Project Harmony was negligent in the following respects:

a. Failing to properly train and supervise its employees with respect to child abuse investigations, prosecutions, and dispositions;

b. Failing to properly supervise its employees to ensure adherence to the policies, procedures, and protocols applicable to the investigation, prosecution and disposition of child abuse cases;

c. Failing to follow its established and applicable policies, procedures, and protocols in the investigation of the death of Brianna Medrano and the prosecution of Keny Medrano Cambara;

6

d. Failing to consider available information and conduct a proper investigation to obtain information regarding the cause and manner of the death of Brianna Medrano.

30. As a direct and proximate result of the aforementioned negligence of said Defendants, Plaintiff Keny Medrano Cambara was subjected to prolonged interrogation, investigation, arrest, confinement without bail, monitoring, prosecution, and trial for the death of Brianna Medrano. As a result said negligence, Plaintiffs Keny Medrano Cambara, Ruben Cambara Cambara, individually and on behalf of the minor children Angie Cambara Medrano and Diana Cambara Medrano, have suffered damage, including:

a. Physical, mental, emotional, and psychological pain and suffering;

b. Humiliation, embarrassment, and damage to their reputation;

c. Loss of wages, income, profits, and earning capacity;

d. Disability;

e. Past and future medical and other health care expenses;

f. Expense of defending herself at said trial; and,

g. Loss of consortium and companionship.

31. On or about February 13, 2013, Plaintiffs filed tort claims with the Omaha City Clerk and the Douglas County Clerk. Neither the City of Omaha nor Douglas County have responded to Plaintiffs' tort claims.

SECOND CAUSE OF ACTION – 42 U.S.C. § 1983 – VIOLATION OF CIVIL RIGHTS

32. Plaintiff Keny Medrano Cambara re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if fully set forth herein.

7

33.  Defendants Schlote, Hernandez, Yanez, Worthy, Douglas, City of Omaha, OPD, DCAO, Kleine, Project Harmony, and Haney deliberately and purposefully brought about Plaintiff Keny Medrano Cambara's arrest, confinement, and prosecution with deliberate indifference to her constitutional rights.

34.  Defendants, individually and acting in concert, deliberately and with reckless disregard for the truth, fabricated and manufactured evidence they knew, or reasonably should have known, was false, fraudulent, and profoundly lacking in reliability.  Defendants omitted exculpatory information from investigative reports, failed to follow investigative and prosecutorial protocol in order to discover and present the truth, refused to consider all available information, and/or even provided false testimony under oath.

35.  To bring about Plaintiff Keny Medrano Cambara's arrest and prosecution for the death of Brianna Medrano, Defendants ignored and failed to disclose exculpatory information as it became available and fabricated evidence that was demonstrably unreliable, misleading, and false, for purposes of:

a.  Providing untrue probable cause for Plaintiff Keny Medrano Cambara's arrest, confinement, and continued prosecution; and,

b.  Obtaining orders preventing Plaintiff Keny Medrano Cambara from securing release on bond.

36.  Defendants did not attempt to determine the truth in their investigation of Brianna Medrano's death.  Their investigation of Brianna Medrano's death was intended to prove a case against Plaintiff Keny Medrano Cambara despite her actual innocence, which was known or should have been known in the absence of Defendants' deliberate indifference to Plaintiff Keny Medrano Cambara's constitutional rights. Had Defendants not been deliberately indifferent to

8

Plaintiff's constitutional rights, they would have known that Plaintiff Keny Medrano Cambara was actually innocent of any involvement in Brianna Medrano's death.

37. Defendants' actions constitute unreasonable seizure of Plaintiff Keny Medrano Cambara in violation of the Fourth and Fourteenth Amendments to the Federal Constitution. Defendants' actions deprived Plaintiff Keny Medrano Cambara of her liberty without due process of law in violation of the Fifth and Fourteenth Amendments to the Federal Constitution. Defendants' actions deprived Plaintiff Keny Medrano Cambara of her right to a speedy public trial by an impartial jury in violation of the Sixth and Fourteenth Amendments to the Federal Constitution. Defendants' actions constitute deliberate infliction of cruel and unusual punishment upon Plaintiff Keny Medrano Cambara regarding her incarceration for more than one year for a crime she did not commit, in violation of the Eighth and Fourteenth Amendments to the Federal Constitution.

38. At all relevant times, all individual Defendants acted under color of law in performing the actions alleged previously herein. Plaintiffs are suing said Defendants in their official and individual capacities.

39. Douglas, DCAO, OPD, City of Omaha, Project Harmony, Haney, and Kleine are all accountable under 42 U.S.C. § 1983 because they established policies and practices that were intended to and did encourage, endorse, and reward their agents and employees for violating Plaintiff Keny Medrano Cambara's constitutional rights. At the very least, all of the Defendants acted with deliberate indifference to Plaintiff Keny Medrano Cambara's constitutional rights.

9

<u>THIRD CAUSE OF ACTION – 42 U.S.C. § 1983 - VIOLATIONS COMMITTED BY</u>

<u>DOUGLAS, DCAO, CITY OF OMAHA, AND OPD</u>

40.  Douglas, DCAO, City of Omaha, and OPD; both before and at the time of the events alleged in this Complaint, had in effect policies, practices, and customs that deprived Plaintiff Keny Medrano Cambara of her constitutional rights.

41.  The policies, practices, and customs include, but are not limited to the following:

a.  Failing to properly train and supervise officers in the techniques of investigating serious crimes;

b.  Failing to discipline officers who violate the Constitution or law or otherwise violate the rights of criminal suspects during the course of a criminal investigation;

c.  Investigating crimes in a manner designed to prove a case against a convenient suspect by procuring unreliable evidence;

d.  Deliberate indifference to the violation of the rights of a suspect by an officer or employee; and,

e.  Falsifying, fabricating, and concealing evidence without regard to whether policies, practices, and customs might result in the conviction of persons who are actually innocent.

42.  The policies, practices, and customs, separately and together, were deliberately and purposefully implemented to deprive the targets of criminal investigations of their constitutional rights.  At the very least, Defendants implemented these policies with a deliberate indifference to the rights of a target of a criminal investigation.

10

43.  These policies, practices, and customs were a direct and proximate cause of the violation of Plaintiff Keny Medrano Cambara's constitutional rights and the injuries visited upon Plaintiff Keny Medrano Cambara as set forth above.

44.  All of Defendants' actions taken pursuant to these policies, practices, and customs were deliberate and reckless, with deliberate indifference to Plaintiff's rights. They caused Plaintiff Keny Medrano Cambara to suffer severe psychological, mental, emotional, and physical harm, humiliation, embarrassment, loss of wages, loss of earning capacity, and other damages for which Plaintiff Keny Medrano Cambara is entitled to monetary relief. The intentional and reckless misconduct of the Defendants, as set forth above, furthermore entitles Plaintiff Keny Medrano Cambara to punitive damages in an amount to be determined at trial.

## DAMAGES APPLICABLE TO ALL COUNTS

45.  As the result of Defendants' conduct as set forth above, Plaintiffs were damaged as follows:

    a.  Pain, suffering, and mental anguish, past and future;

    b.  Loss of earning capacity, income, wages, and profits;

    c.  Loss of consortium and companionship;

    d.  Medical and other health care expenses, past and future; and,

    e.  Punitive damages.

11

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them for appropriate compensatory and punitive damages, together with pre- and post-judgment interest, costs, and a reasonable attorneys' fee, and for such other and further relief as the court deems just and equitable.

Dated this 11th day of February, 2014.

KENY MEDRANO CAMBARA,
RUBEN CAMBARA CAMBARA,
Individually and on behalf of the
minor children Angie Cambara and
Diana Cambara, Plaintiffs,


By: /s/ Joshua D. Barber
       Their Attorney

Joshua D. Barber        #22624
Barber & Barber, P.C., L.L.O.
P.O. Box 4555
300 North 44th Street, Suite 205
Lincoln, NE  68503
(402) 434-5429

12