IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUBEN CAMBARA CAMBARA, AND Individually and on behalf ot the minor children Angie Cambara Medrano and Diana Cambara Medrano; and KENY MEDRANO CAMBARA, Individually and on behalf ot the minor children Angie Cambara Medrano and Diana Cambara Medrano;<br><br>Plaintiffs,<br><br>vs.<br><br>AMBER SCHLOTE, ADOLFO HERNANDEZ, NICOLAS YANEZ, LANCE WORTHY, CITY OF OMAHA, a Nebraska Political Subdivision; DON KLEINE, SUZANNE HANEY, M.D.; PROJECT HARMONY, AND a Nebraska Non-profit Corporation; and COUNTY OF DOUGLAS, a Nebraska Political Subdivision;<br><br>Defendants. | 8:14CV260<br><br>**ORDER** |

The plaintiffs have filed a motion to amend seeking to address concerns and deficiencies claimed or noted by the defendants. (Filing No. 61). For the following reasons, the motion will be denied.

Plaintiffs' complaint was removed to this court on September 2, 2014. (Filing No. 1). On September 30, 2015, the district court judge entered an order granting dismissal of certain claims to each defendant and providing a deadline for Plaintiffs to file their amended complaint. (Filing No. 35). Plaintiffs filed their amended complaint on November 27, 2015. (Filing No. 40).

After the time for amending a pleading of a matter of course has expired, under Fed. R. Civ. P. 15(a)(2), a pleading may be amended only if the opposing party provides written consent or with leave of court. In general, courts are encouraged to allow amendments liberally. See Shen v. Leo A. Daly Co., 222 F.3d 472, 478 (8th Cir. 2000). However, there

is no absolute right to amend a pleading. [Hammer v. City of Osage Beach, MO, 318 F.3d 832, 844 (8th Cir. 2003)](#). Leave to amend may be denied for good reason including "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment[.]" [Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003)](#). The question of futility generally examines whether the proposed amendments serve a purpose, that is, the proposed amendments must state or support a claim capable of withstanding a motion to dismiss under Rule 12(b)(6). See [Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010)](#) (holding that a proposed amendment will be deemed futile where the district court determines the amendments could not withstand a motion to dismiss); see also [Perez v. De La Cruz, 2013 WL 2641432 (S.D.N.Y. June 12, 2013)](#) ("[F]utility usually turns on whether the proposed new allegations serve a purpose, that is, whether they state a viable new claim against a current defendant or add a party against whom such a claim is stated.").

The plaintiffs' proposed amended complaint is identical in content and substance to the amended complaint filed on November 27, 2015. The only changes proposed by the plaintiffs are the additions of highlights and comments that seek to track the differences between the original and amended complaints. Plaintiffs' proposed amendments do not support or in any way affect the merits of Plaintiffs' claims. Accordingly, Plaintiffs' motion to amend will be denied as futile.

IT IS ORDERED:

1) Plaintiffs' Motion For Leave, ([Filing No. 61](#)), is denied.

2) Plaintiffs' motion for additional time to file a reply in support of their motion to amend, ([Filing No. 69](#)), is denied as moot.

3) Defendant Douglas County's motion to withdraw its opposition to the motion to amend, ([Filing No. 70](#)), is denied as moot.

4) The operative complaint is the amended complaint filed on November 27, 2015. (Filing No. 40).

5) Defendants' motions to dismiss the operative complaint, (Filing Nos. 44, 47, and 49), are fully submitted.

Dated this 25th day of March, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge