IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUBEN CAMBARA CAMBARA, et. al, <br><br> Plaintiffs, <br><br> vs. <br><br> AMBER SCHLOTE, et. al, <br><br> Defendants. | 8:14-CV-260 <br><br> MEMORANDUM AND ORDER |

  This matter is before the Court on plaintiff Keny Medrano Cambara's Motion for Clarification and for Enlargement of Time to Amend Complaint (filing 78). The Court, in an October 21, 2016 Order, granted Medrano Cambara's motion for extension of time. Pursuant to the that Order, Medrano Cambara has until October 31, 2016 to file an amended complaint.

  The plaintiff also asks the Court for "clarification" regarding its previous orders. There should be no confusion. But, to reiterate:

  The Court, in its September 30, 2015 Memorandum and Order, dismissed the following constitutional claims as to the City and County Defendants[1] without providing Medrano Cambara leave to replead: Fifth Amendment due process, Eighth Amendment cruel and unusual punishment, and Fourteenth Amendment disclosure of exculpatory information. Filing 35 at 8-10. The Court, in its subsequent Memorandum and Order, dismissed these claims with respect to Haney and Project Harmony. Filing 72 at 16 n.4. The aforementioned claims are dismissed as to each defendant and are no longer before this Court.

  Medrano Cambara's Sixth Amendment claim is also dismissed as to each defendant. The Court granted Medrano Cambara leave to replead this claim, and it was subsequently dismissed in the Court's September 12, 2016

---

[1] The Court did not reach any of Medrano Cambara's constitutional claims as asserted against Haney and Project Harmony in the first Memorandum and Order because she failed to establish, for purposes of 12(b)(6), that either party was a "state actor." *See* filing 35 at 10-11. Her amended complaint cured this defect (although other problems remain). So, the Court did not address the constitutional claims against Project Harmony or Haney until its September 12, 2016 Order. *See* filing 72 at 13-16.

Memorandum and Order. Filing 72 at 7. The Sixth Amendment claim is dismissed as to each defendant and is no longer before this Court.

Medrano Cambara's claims under Fourth Amendment unreasonable seizure and Fourteenth Amendment due process are also denied as to all defendants. But, as set forth in this Court's September 12, 2016 Memorandum and Order, she is provided leave to replead these claims (and these claims only) against the City and County Defendants, and Project Harmony and Haney. *See* filing 72 at 18-20. These claims were denied in the September 12, 2016 Order upon consideration of the defendants' renewed motions to dismiss and corresponding briefing. Each defendant addressed, among other issues, the inadequacies as pled of Medrano Cambara's remaining constitutional claims—that is, her claims under the Fourth and Fourteenth Amendments. *See,* filing 45 at 27-34; filing 48 at 8-11; filing 50 at 4-5; filing 54 at 4 (incorporating by reference County Defendants' arguments with respect to the alleged constitutional violations). These arguments, at least with respect to the City and County Defendants, addressed in part the insufficiencies with respect to Medrano Cambara's "policy, practice or custom" allegations. *See,* filing 54 at 7-9; filing 45 at 36-42.

In sum, and with respect to the § 1983 claims, the Court will consider only Medrano Cambara's re-pled claims under the Fourth and Fourteenth Amendment as to each defendant, should she file an amended complaint. The Court refers counsel to pages 18-21 of the September 12, 2016 Order for further instruction (filing 72).

Finally, given the nature and procedural history of this case, the Court is not inclined to consider additional, newly-asserted arguments by the defendants in any subsequent motions to dismiss under Fed. R. Civ. P. 12(b)(6). The Court's patience has already been tested by the piecemeal nature of this litigation to this point. In other words, the substance of any renewed 12(b)(6) motion, assuming the defendants choose to file one, should be limited to arguments already raised in previous motions, or arguments that were not available to the defendants at the time of their previous filings.

Dated this 24th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge