IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENY MEDRANO CAMBARA, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 8:14 CV 00260 |
| | ) | |
| v. | ) | **DECLARATION OF** |
| | ) | **DONALD W. KLEINE** |
| AMBER SCHLOTE, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, Donald W. Kleine, make the following declaration in lieu of an affidavit pursuant to 28 U.S.C. § 1746:

1. I make this Declaration based upon my personal knowledge and those facts known to me. I am over the age of nineteen and am competent to testify to the matters stated herein.

2. I am the elected Douglas County Attorney. I was first elected in 2006, and am serving my third term as Douglas County Attorney, having been re-elected most recently in 2014. The Douglas County Attorney's Office ("DCAO") is an operating unit of the Douglas County government.

3. I have been practicing law for almost forty-one (41) years. I was in private practice in Omaha, Nebraska with an emphasis on civil litigation and criminal defense until 1991, when I joined DCAO under then-County Attorney James Jansen. I stayed in this position until moving to the Nebraska Department of Justice, where I served as the Chief of the Criminal Bureau under then-Nebraska Attorney General Jon Bruning from 2003 to 2006. I left this position after being elected as the Douglas County Attorney in November of 2006, and taking office in 2007.

4. I am aware of the fact that, in 2014, Plaintiff Keny Medrano Cambara ("Plaintiff") filed this lawsuit arising out of her criminal prosecution, naming Douglas County, Nebraska ("Douglas County") and me among the defendants. I understand that the Court dismissed me as a defendant on August 16, 2017.

5. At all times relevant to Plaintiff's lawsuit, my primary duties as County Attorney have included the supervision and management of DCAO. Before, during, and since the events giving rise to the instant lawsuit, my office has been located at in the Hall of Justice, 1701 Farnam Street, Room 100, Omaha, Nebraska 68183.

6. On March 15, 2018, Plaintiff disclosed me as an expert witness. In that disclosure, Plaintiff stated that she expected me "to testify as to the formulation and authorship of the Multi-Disciplinary Protocol for the Investigation, Prosecution and Disposition of Child Abuse and

Sexual Assault Cases of Douglas County, Nebraska, by Donald W. Kleine, Douglas County Attorney, Issued 1993, Revised March 2009, and as to expertise in the methods embodied in the foregoing protocol." Exhibit "A" to this Declaration is a true and correct copy of Plaintiff's Rule 26(a)(2) Disclosures.

7. I do not know why Plaintiff's counsel thought I would testify as to the subject matter listed in Exhibit A or the basis for this belief. I was never contacted before or after March 15, 2018, about being a non-retained expert witness in this case or about the subject matters described in Plaintiff's first expert disclosure. It was not until after Exhibit A was filed with the Court that I learned from counsel for Douglas County that I had been named as an expert witness and was provided a copy of Exhibit A.

8. On April 11, 2018, Plaintiff disclosed me again as an expert witness. In that disclosure, Plaintiff stated that she expected my anticipated opinions would be: "The foregoing protocol [Multi-Disciplinary Protocol for the Investigation, Prosecution and Disposition of Child Abuse and Sexual Assault Cases of Douglas County, Nebraska] represents the standard for the investigation, arrest, detention, and prosecution of the Plaintiff. The foregoing protocol represents, as well, common sense with regard to investigative technique. The investigation, arrest, detention, and/ or prosecution of the Plaintiff in the underlying case did not comport with the terms of the foregoing protocol. As to those who subscribe to the foregoing protocol, a disregard for its terms represents a culpability greater than mere negligence. As to those who have conducted their work under the foregoing protocol, a disregard for its terms represents a culpability greater than negligence." Exhibit "B" to this Declaration is a true and correct copy of page 4 of Plaintiff's Amended and Supplemental Rule 26(a)(2) Disclosures, which discloses me as a non-retained expert witness.

9. I do not know why Plaintiff's counsel thought I would testify to what they describe as my anticipated opinions in Exhibit B or the basis for this belief. I was never contacted before or after April 11, 2018, about being a non-retained expert witness in this case or about the alleged opinions described in Plaintiff's second expert disclosure. It was not until after Exhibit B was filed with this Court that I learned from counsel for Douglas County that I remained named as an expert witness and was provided a copy of Exhibit B. I have never told Plaintiff's counsel that I will testify in this lawsuit as to what is described as my "anticipated opinions" in Exhibit B.

10. Plaintiff incorrectly alleges in both of her expert disclosures that I wrote the "Multi-Disciplinary Protocol for the Investigation, Prosecution and Disposition of Child Abuse and Sexual Assault Cases of Douglas County, Nebraska." It is my understanding that the original version of the protocol was written many years ago (before I was even elected) by Douglas County's 1184 Investigative Team ("1184 Team") and is revised and updated as needed. As the Douglas County Attorney, I am a member of the 1184 Team, but it is my practice to delegate this role to other prosecutors in my office. Prior to 2009, the last time the 1184 Team revised the "Multi-Disciplinary Protocol for the Investigation, Prosecution and Disposition of Child Abuse and Sexual Assault Cases of Douglas County, Nebraska" was is 2006 (taking effect in January 2007). In March 2009, I agreed to the 1184 Team's revisions

to the protocol (which were minimal) on behalf of DCAO. The 1184 Team has revised the protocol many times since 2009, and I have agreed to those revisions on behalf of DCAO.

11. If called as an expert witness in this case, my opinions would not reflect what Plaintiff described in Exhibit B. It appears to me that these "anticipated opinions" are nothing more than what Plaintiff hopes I would testify to if called.

12. If called as an expert witness, I would not testify as to the legal duties owed by the Defendants and whether they breached those duties, which is what I understand Plaintiff believes would be part of my "anticipated opinions" when she described that I would testify as to culpability. I do not believe these assertions regarding culpability that Plaintiff claims are my opinion – they are not my opinion.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this   3|   of May, 2018.

Donald W. Kleine
Douglas County Attorney

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KENY MEDRANO CAMBARA, et al.,

               Plaintiffs,                  Case No.  8:14-CV-260

vs.

AMBER SCHLOTE, et al.,

               Defendants.

**PLAINTIFF'S RULE 26(a)(2) DISCLOSURES**

        COMES NOW, Keny Medrano Cambara, by counsel, and for her disclosures pursuant to Fed. R. Civ. P. 26 (a)(2), states as follows:

1.  Maria P. Hernandez Navas, Hospital Nacional de Jutiapa, 9a Avenida 5a Calle, Zona1, Jutiapa, Guatamala, is a clinical psychologist, and is expected to testify as to the nature and extent of the Plaintiff's injuries, based upon consultations, testing and treatment provided to the Plaintiff.  As to a specific summary of the facts and opinions of this witness, her reports are being translated and produced.

2.  Maria Argueta Flores, M.D., is a psychiatrist, has the same business address as Navas, above, and is expected to provide similar testimony.  Her reports will be produced after translation, as well.

3.  Claudia Yolanda Diaz Campas, M.D., is also a psychiatrist, with the same address as Navas, is expected to provide similar testimony, and has made written reports which are being translated for production.

4.  Mark J. Shuman, M.D., M.S., 1865 NE 214th Terrace, Miama, Florida 33179, is expected to provide testimony regarding the cause, mechanism, and manner of death of Brianna Medrano, as he did at Plaintiff's trial.  The facts and opinions of this witness are, primarily, set forth in a document previously produced during discovery in this case, in the form of his affidavit dated February 9, 2012, in Douglas County District Court Case No. CR 10-9078812.

5.  Hon. Michael D. Nelson, 118 South 18th Plaza #1152, Omaha, Nebraska 68102, was one of the Plaintiff's defense attorneys, having knowledge of the investigation, arrest, detention, and prosecution of the Plaintiff, and of the attorneys' fees and expenses involved in her defense.

6.  Donald W. Kleine, Douglas County Attorney, 909 Civic Center, 1819 Farnam Street, Omaha, Nebraska 68183, is expected to testify as to the formulation and authorship of

1


EXHIBIT

A

the Multi-Disciplinary Protocol for the Investigation, Prosecution and Disposition of Child Abuse and Sexual Assault Cases of Douglas County, Nebraska, by Donald W. Kleine, Douglas County Attorney, Issued 1993, Revised March 2009, and as to expertise in the methods embodied in the forgoing protocol.

Dated:  March 15, 2018.

KENY MEDRANO CAMBARA, et al.,
Plaintiffs,

By: /s/ Terry K. Barber
One of Their Attorneys

Joshua D. Barber     #22624
Terry K. Barber       #10188
Barber & Barber, P.C., L.L.O.
P.O. Box 4555
300 North 44th Street, Suite 205
Lincoln, NE  68503
(402) 434-5429 (JDB)
(402) 434-5427 (TKB)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing, including all attachments, was electronically filed with the Clerk of the Court, using the CM/ECF system on March 15, 2018, which will send notification of such filing to all counsel of record.

/s/ Terry K. Barber

| | |
|---|---|
| Name: | Donald W. Kleine, Douglas County, Attorney |
| Address: | 909 Civic Center, 1819 Farnam Street, Omaha, Nebraska 68183 |
| Telephone: | c/o County Defendants' counsel, Mr. Dolan |
| Subject: | Formulation and authorship of the Multi-Disciplinary Protocol for the Investigation, Prosecution and Disposition of Child Abuse and Sexual Assault Cases of Douglas County, Nebraska by Donald W. Kleine, Douglas County Attorney, Issued 1993, Revised March 2009; expertise in the methods embodied in the foregoing protocol; quality of the subject investigation, arrest, detention, and prosecution of the Plaintiff |
| Rule: | 702 -- 705 |

Anticipated
Opinion(s):    The foregoing protocol represents the standard for the investigation, arrest, detention, and prosecution of the Plaintiff.
The foregoing protocol represents, as well, common sense with regard to investigative technique.
The investigation, arrest, detention, and/or prosecution of the Plaintiff in the underlying case did not comport with the terms of the foregoing protocol.
As to those who subscribe to the foregoing protocol, a disregard for its terms represents a culpability greater than mere negligence.
As to those who have conducted their work under the foregoing protocol, a disregard for its terms represents a culpability greater than negligence.

Basis(es):    The witness has been the Douglas County, Nebraska County Attorney for more than ten years last past.
The witness is now, and at all relevant times was familiar with the underlying case in which the Plaintiff was prosecuted, and all of its facts.
The witness has substantial experience and knowledge in both the foregoing protocol and in criminal prosecution.
The witness' opinions are based upon his years of experience.

Information:    The data or other information which the witness has considered in forming his opinions, includes, but is not necessarily limited to, the witnesses own experience in such matters, and all of the facts and background of the Plaintiff's case.

Exhibits:    The witness, at the least, will make use of the foregoing protocol.

Qualifications: The witness' qualifications are set forth in substantial part, above, under the heading of "Basis(es)". It is not known whether the witness has, during the last ten (10) years, authored any formal publications regarding the topics.

Compensation: The witness is not retained.

Testimony:    It is not known whether the witness has, during the preceding four (4) years, testified as an expert at trial.

